## SUPREME COURT.

### GODFREY agt. TOWNSEND.

The same rule for allowing a *landlord* to defend in an action of *ejectment* against a tenant, must prevail under the Code, as formerly under the Revised Statutes. That is : The landlord is permitted to appear and defend in conjunction with the tenant *in case the tenant appears.* But in case the tenant refuses or neglects to appear, the landlord is allowed to appear and defend *alone.*

The plaintiff may perfect judgment against the (casual ejector) tenant, which, in case the landlord defends alone, will be stayed, until the determination of the action against the landlord.

But to entitle a landlord to defend in his own name or otherwise, he must be shown to be the landlord of the tenant, or have a privity of estate or interest with him in the premises in question.

*At Chambers, Penn Yan, September,* 1849. Motion on the part of Daniel D. Warner, as landlord, &c., to be substituted defendant in the place and stead of Larmon G. Townsend, the now defendant.

Godfrey agt. Townsend.

The affidavit of the present defendant, Townsend, states in substance, that this is an action of ejectment to recover possession of the premises and dwelling house, with the appurtenances occupied by him, at Big Stream Point, in the county of Yates. That he occupies the premises in question under a lease from Daniel D. Warner, trustee, &c., dated March 1st, 1849, at a rent of six dollars a month, which lease is still in force. That soon after the complaint was served, he gave notice to Warner, his landlord, that he should not defend; and that he has no claim or right to the possession, except under and by virtue of said lease.

The affidavit of Warner states that he claims title to the premises occupied by the defendant, as his tenant, under the lease bearing date March 1st, 1849, and does not know or believe the defendant has any right or claim to the possession, except by virtue of the said lease. That soon after the complaint is said to have been served, the defendant gave notice to deponent that he should not defend the action. That he (Warner) claims title to the premises in good faith, as trustee for certain creditors of Townsend. That the plaintiff claims title under a deed from Townsend, which he, the said Warner, is informed, and believes is fraudulent and void, and that he intends to contest its legality, and that he cannot do so unless he is made defendant in the place and stead of Townsend.

The plaintiff's affidavit states, among other things, that about the first of May, 1848, the defendant being the owner of the Big Stream property in the town of Starkey, Yates county, which includes the premises in question, sold the same to the plaintiff for $14,000, which sum he has paid in cash, in the manner agreed upon between him and Townsend. That defendant made and executed a deed for the property, bearing date the first day of May, 1848, and forwarded the same to the clerk of Yates county, to be recorded, after the same was duly acknowledged by himself and wife.

That deponent then allowed Townsend to act as his agent in the management of the property, who went on for some months in the management thereof, as deponent's agent. That

afterwards Townsend became offended with deponent, and made an assignment of his property to Warner, in a pretended trust for his creditors, and included in the assignment, the said Big Stream property. That since then Townsend has been conspiring with Warner and other creditors to get deponent out of possession of said property, and has put said Warner and others in possession of a portion of the property, who now hold the same adversely to deponent.

That the house and lot, to recover which this action is brought, is a portion of the said Big Stream property, in which Townsend lived at the time of his conveyance to deponent, and which he has continued to occupy ever since.

The affidavit denies any fraud in the conveyance from Townsend to plaintiff.

There are other matters in the affidavit not necessary to be stated here, some of them being immaterial to the present motion, and most of them being stated on information, and do not amount to evidence.

In a supplemental affidavit, the plaintiff states that after he purchased the property of Townsend, there was an arrangement between them, by which Townsend agreed to occupy the premises for which this action is brought, as the tenant of the plaintiff, and agreed to leave and surrender the possession when required by plaintiff. That Warner has never, to the knowledge of deponent, been in possession of the premises in question, but at the time of the conveyance by Townsend to Warner, Townsend was occupying the premises in question, as tenant of deponent, and deponent was in possession of the whole or a part of said Big Stream property, claiming title as owner, by deed.

The motion was noticed for the next special term in Yates county, but the parties stipulated that the same might be heard before WELLES, Justice, at Chambers, the prevailing party to be at liberty to enter the proper rule or order upon the decision, with the like force and effect as if the motion had been argued and the decision made at a special term, and each party reserving the right of appeal.

The motion was brought on before the said justice, at chambers, on the 31st day of August.

B. WHITING, *for Warner.*

J. C. STRONG, *for Plaintiff.*

WELLES, Justice.—It is difficult, if not impossible, to apply to cases of this nature, arising under the Code, all the old rules which were in force when the whole frame work and structure of the action of ejectment was a tissue of legal fictions—fictions which worked injury to no one—which generally were adapted to promote the ends of justice, and which gave offence or alarm to none but the bigoted or ignorant.

With the changes introduced by the Revised Statutes in this action, was intended to be introduced, or rather retained, many of the various remedial provisions which existed under the common law, but under different forms, and designed to effectuate the same objects; and hence, among other things, it was provided that "whenever any action shall be brought against any tenant to recover the land held by him, or the possession of such land, the landlord of such tenant, and any person having any privity of estate or interest with such tenant or with such landlord, in the premises in question, or in any part thereof, may be made defendant with such tenant in case he shall appear; or may, at his election, appear without such tenant; and in the latter case, the court may order a stay of execution upon any judgment against the tenant in possession, until the further order of the court." (2 *R. S.* 341, 342, § 17.)

By the former practice, the landlord was permitted to appear and defend in conjunction with the tenant, *in case the tenant appeared.* But in case the tenant refused or neglected to appear, judgment was signed against the casual ejector for want of appearance. In case the landlord desired to appear by himself, he was permitted to do so, upon entering into the consent rule. (2 *Dunl. Pr.* 1016.)

As I understand, the practice was to allow the landlord to appear alone and without the tenant, only where the latter refused or neglected to appear. That it was never intended to

prohibit the tenant from appearing and defending in case he desired to do so, but the court would, in such case, allow the landlord to appear with him. If the tenant refused, the landlord was allowed to appear without him. I apprehend the same rule prevails under the present statute. The same reason exists for it as under the former practice. The court cannot compel the tenant to appear without his consent, either alone or with the landlord, and the landlord ought to be permitted to defend his title, although his tenant may choose, for any reason, to abandon it. In such case no injustice is done to the plaintiff, for, as under the former practice, he was entitled to sign judgment against the casual ejector, so in the present, he may perfect his judgment against the tenant, upon which proceedings will be stayed until the determination of the action against the landlord, and if the plaintiff recovers against him, he will have execution, if necessary, against them both, or if the landlord makes a successful defence, the court will order a perpetual stay of execution upon the judgment against the tenant.

If, therefore, under the facts disclosed by the moving papers, any change of parties is to take place, it must be by Warner being made the sole defendant in place of Townsend, with liberty to the plaintiff to perfect judgment against Townsend, and a stay of proceedings thereon until the further order of the court.

But to entitle Warner to defend in his own name or otherwise, he must be shown to be the landlord of Townsend, or have a privity of estate or interest with him in the premises in question. This is shown *prima facie* by the affidavits of Townsend and Warner. The opposing affidavits of the plaintiff, however, show, that upon Townsend's conveying to the plaintiff the Big Stream property, (which includes the premises in question,) to the plaintiff, an arrangement was entered into between them, by which the former was to remain in possession as tenant at will to the latter, and to surrender the possession when he required; and that at the time of Townsend's conveyance to Warner, he was occupying the premises as tenant to the plaintiff. If this was so, (and the facts stands uncontra-

dicted,) Townsend's subsequent attornment to Warner, was void; and under such circumstances, Warner cannot be said to be the landlord of Townsend. (1 *R. S.* 744, § 3.) He may have a good title under his trust deed, but he stands in no better situation for the purpose of this application, than if his claim of title were adverse to that of Townsend.

Before Townsend can attorn to a stranger, or to a person claiming in hostility to the plaintiff, he must surrender the possession to the latter. I see no way of escaping this conclusion, upon the papers as they now stand.

Upon the argument of the motion, the counsel for Warner claimed that he was surprised by the affidavits showing the relation of landlord and tenant between Townsend and Godfrey, the plaintiff, and requested that, if they should be deemed fatal to the motion, time might be allowed to obtain countervailing proof on that subject. Such a course would not be unusual, and I shall upon the whole adopt it. The further hearing is therefore adjourned to Saturday, the 6th day of October next, at 10 o'clock, A. M. Copies of any further affidavits to be read on the part of the defendant or Warner, must be served at least four days before that time.

On the day last mentioned, (Oct. 6, 1849,) the parties again appeared by their counsel, and produced various other affidavits upon the question of Townsend's tenancy to the plaintiff. These affidavits are to a considerable degree conflicting, and there is room for doubt on which side the balance of proof is. The fact that Townsend took a lease from Warner before the commencement of this action, and has ever since held under him, is not denied. Townsend declines defending the suit, and the question is presented, whether the plaintiff should be allowed to recover possession through the default of the defendant, when his landlord asks to be allowed to defend for himself and in his own name, and claims to have a valid legal title to the premises in question. I have concluded that it will be the safest course to allow Warner to be made the defendant in place of Townsend; that the plaintiff be permitted to perfect judgment against Townsend upon his default, and that execution

upon such judgment be stayed until the further order of the court. That Warner have twenty days from the 20th instant, to answer the complaint, and that no costs of this motion be allowed to either party as against the other.

An order to the above effect may be entered in the office of the clerk of the county of Yates.